## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DIMITRIOS KOTSANIDIS
802 Flagler Drive
Gaithersburg, MD 20878

     Plaintiff

v.

MICHAEL B. MUKASEY, United States
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530-0001

MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security
Office of the General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

EMILIO GONZALEZ, Director of U.S.
Citizenship and Immigration Services
Office of the Chief Counsel, USCIS
20 Massachusetts Ave NW, Room 4025
Washington, DC 20529

RICHARD CATERISANO, District
Director, USCIS Baltimore District Office
31 Hopkins Plaza, First Floor
Baltimore, MD 21201

ROBERT MUELLER III, Director of the
Federal Bureau of Investigation
Office of the General Counsel, FBI
935 Pennsylvania Ave NW, Room 7427
Washington, DC 20535

     Defendants

No. _____

Agency No. A072-381-010

-1-

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND WRIT OF MANDAMUS; PETITION FOR NATURALIZATION

### INTRODUCTION

This is an action for declaratory and injunctive relief and writ of mandamus to compel the relevant U.S. government officials to perform their mandatory and non-discretionary ministerial duties. This action is brought as a result of Defendants' unlawful policies and practices and the resulting unlawful and unreasonable delays in adjudicating Plaintiff's application for naturalization (USCIS Form N-400).

Plaintiff has lived in the United States for over a decade and is seeking to pledge allegiance to the United States and to participate fully in our society as a United States citizen. Having qualified to do so after many years of living in the United States and contributing to the local community and our country overall, Plaintiff has been robbed of his statutory right to be naturalized. Plaintiff has been so robbed solely because of the bureaucratic failings and callous inaction of two federal government agencies: USCIS and FBI.

USCIS has delayed the adjudication of Plaintiff's naturalization application because it has delegated a new form of security check called a "name check" to the FBI, which, in turn, has willfully, unreasonably, unlawfully, and without justification delayed Plaintiff's "name check" for over 3 years.

As a result of the agencies' failure to adjudicate Plaintiff's naturalization application, Plaintiff is unable to apply for and receive business-related benefits reserved

for United States citizens (such as federal small business loans), sponsor for lawful permanent residency his immediate relatives abroad, participate in the Visa Waiver Program and travel abroad and return to the United States without fear of exclusion. Moreover, Plaintiff is unable to vote in elections, serve on juries, and enjoy numerous other rights and responsibilities of U.S. citizenship.

Plaintiff seeks, *inter alia*, declaratory and injunctive relief to require Defendants to adjudicate his application for naturalization within the time periods prescribed by law, and asks that the Court declare the agencies' delays and the policies behind those delays (such as deliberate failures to set deadlines) to be in violation of immigration laws and regulations, laws governing administrative agency action, and the Due Process Clause of the Fifth Amendment to the United States Constitution.

By enacting the Immigration Services and Infrastructure Improvements Act of 2000, (ISIIA) Congress set the period of 180 days as the normative expectation for the government to complete the processing of an immigration benefit application. Congress specifically stated that "**the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application.**" 8 U.S.C. 1571(b) (emphasis added). Additionally, USCIS has publicly stated that applications for naturalization should be adjudicated within six months of the filing of the naturalization application. *See, e.g.*, U.S. Citizenship and Immigration Services, Questions and Answers: Building an Immigration Service for the 21st Century, http://www.uscis.gov/files/pressrelease/QABuilding1.pdf (last visited May 10, 2008).

This 180-day period begins upon the initial filing of an application and constitutes a reasonable processing time. *See* 8 U.S.C. 1571 *and Konchitsky v. Chertoff*, 2007 U.S. Dist. LEXIS 53998 at 11-15. In the instant case, this period commenced on August 21, 2006, and expired on February 17, 2007.

The subject of this action is therefore to compel the relevant officials of the United States government to perform their mandatory ministerial duty to process and adjudicate Plaintiff's application for naturalization (Form N-400). In particular, Plaintiff seeks to stop the unreasonable agency delay and redress the failure of the government to complete Plaintiff's "name check" and issue an "FBIQUIRY System" response, as well as take all other steps necessary to timely complete Plaintiff's N-400 application.

Plaintiff is eligible to seek and is requesting reasonable attorney fees under, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504 *et seq* and 28 U.S.C. 2412 *et seq.*[1]

## JURISDICTION AND VENUE

1.      This Honorable Court has subject matter jurisdiction over this matter pursuant to 8 U.S.C. 1571 (Immigration Services and Infrastructure Improvement Act of 2000"), 28 U.S.C. 2201 *et seq.* (declaratory judgments), 28 U.S.C. 1331 (federal question), 5 U.S.C. 551 *et seq.* and 706 *et seq.* (authorizing to compel agency action in

---

[1] *See, e.g., Elkhatib v. Bulger*, 2006 U.S. Dist. LEXIS 60485 (S.D. Fla. 2006) (attorney fees awarded after plaintiff obtained mandamus against USCIS); *Aboushaban v. Mueller*, 2007 U.S. Dist. LEXIS 15402 (N.D. Cal. 2006) (fees awarded upon issuance of mandamus against USCIS); *Berishev v. Chertoff*, 486 F.Supp.2d 202 (D. Mass., 2007) (fees awarded in naturalization context).

cases of unreasonable delay), 28 U.S.C. 1361 (authorizing issuance of mandamus), 28 U.S.C. 1651 (All Writs Act), and the United States Constitution. Relief is requested pursuant to said statutes and the U.S. Constitution.

2.      Pursuant to 28 U.S.C. 1391(e), venue is proper in the District of Columbia District in that Defendants are officers and employees of the United States sued in their official capacities and located within the District as well as that the challenged unlawful policies and practices sought to be enjoined were formulated within the District.

## ALLEGATIONS OF FACT

### Plaintiff

3.      Plaintiff is a citizen of Russia and a lawful permanent resident of the United States residing within the jurisdiction of USCIS Baltimore District Office, who has applied for naturalization under the Immigration and Nationality Act (INA), and whose naturalization application has not been adjudicated for almost 4 years.

### Defendants

4.      All Defendants are officials of the United States government and its agencies acting under color of law with respect to the matters referenced herein.

5.      Defendant Michel B. Mukasey is the Attorney General of the United States and is sued in his official capacity. Defendant Mukasey is responsible, *inter alia*, for administering and enforcing the immigration and naturalization laws of the United States, for overall supervision of the functions of the Department of Homeland Security (DHS)

and United States Citizenship and Immigration Services (USCIS), as well as for prescribing regulations by which a person can become a naturalized citizen.

6.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security, and is sued in his official capacity. Defendant Chertoff is generally charged with implementing the Immigration and Nationality Act (INA) and is authorized to delegate powers and authority to subordinate employees of the DHS. Defendant Chertoff is responsible for implementing the provisions of the INA under which lawful permanent residents are naturalized as United States citizens.

7.      Defendant Emilio Gonzalez is the Director of the U.S. Citizenship and Immigration Services (USCIS), the federal agency primarily responsible for implementing and enforcing the Immigration and Nationality Act, including processing and adjudicating applications for naturalization, which are filed on Form N-400. Defendant Gonzalez is responsible for overall supervision of the functions of the USCIS, including the processing and adjudication of applications for naturalization. Defendant Gonzalez is sued in his official capacity.

8.      Defendant Richard Caterisano is the District Director of the Baltimore District Office of the USCIS, and is responsible for administering and enforcing the INA, including the processing and adjudication of naturalization applications by applicants residing in Maryland. Defendant Caterisano is sued in his official capacity.

9.      Defendant Robert Mueller III is the Director of the Federal Bureau of Investigation (FBI), a government agency responsible, *inter alia*, for background

-6-

investigations and "name checks" of persons who have applied for naturalization under the INA. Upon requests by USCIS, the FBI performs "name checks" and other background checks for all applicants for naturalization. Defendant Mueller is sued in his official capacity.

### Plaintiff's Application and Defendants' Failure to Act

10.     On January 28, 2002, Plaintiff became a lawful permanent resident of the United States. **Exhibit A.** On October 29, 2004, Plaintiff filed an N-400 application for naturalization with the USCIS. **Exhibit B.** On April 28, 2005, Plaintiff was scheduled to appear for a naturalization interview, which was to take place on June 7, 2005. **Exhibit C.** However, on May 17, 2005, Plaintiff's interview was de-scheduled by USCIS. **Exhibit D.** Since then, no action appears to have taken place on Plaintiff's N-400 application. To date, almost 4 years into Plaintiff's naturalization process, the FBI has failed to perform Plaintiff's "name check" at the request of USCIS, and USCIS has failed to process and adjudicate Plaintiff's application for naturalization.

### Plaintiff's Exhaustion of Administrative Remedies

11.     Plaintiff has exhausted her administrative remedies. Plaintiff has also supplied the documents that establish his eligibility for naturalization.

## FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT AND RELATED LAWS

12.     Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

13.    Defendants are officials of federal administrative agencies covered by the Administrative Procedure Act (APA), 5 U.S.C. 551 *et seq.* and 706 *et seq.*

14.    Defendants have a policy, pattern, and practice of failing to schedule naturalization examination interviews and to adjudicate naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

15.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

16.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "name checks" with the full knowledge that the completion of such checks is required to adjudicate naturalization applications of persons such as Plaintiff.

17.    Defendants have a policy, pattern, and practice of failing to set deadlines for completing "name checks" and taking all other reasonable steps necessary to complete the adjudication of naturalization applications of persons such as Plaintiff. As one district judge aptly put it, the "duty to act is no duty at all if the deadline is eternity." *Tang v. Chertoff*, 493 F.Supp.2d 148 (D. Mass. 2007).

18.    The requirement of completion of an FBI "name check" is a substantive departure from prior USCIS policy and practice. The FBI "name check" imposes new requirements and steps in naturalization procedure that are not based on statute or

regulations and that cause substantial delays and other adverse effects on applicants for naturalization, including Plaintiff.

19.    Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for naturalization of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

20.    Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for naturalization of persons such as Plaintiff despite Defendants' failure to publish a proposed regulation and provide a notice-and-comment period prior to implementing such policy, pattern, and practice.

21.    Defendants have unlawfully withheld and unreasonably delayed agency action on Plaintiff's application for naturalization.

22.    Defendants have failed to adjudicate or otherwise act on Plaintiff's application for a period exceeding 180 days.

23.    Defendants have failed to adjudicate or otherwise act on Plaintiff's application within a reasonable time after Plaintiff's filing of the application.

24.    Defendants' failure to process and adjudicate Plaintiff's naturalization application for over 18 months constitutes an unreasonable delay and unlawful withholding of agency action, and violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706, as well as ISIIA, 8 U.S.C. 1571(b).

25.    Defendants' prolonged delay on Plaintiff's application is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this

matter is considered from the standpoint of national security interests or Plaintiff's interests.

26.     Defendants' prolonged delays on naturalization applications such as Plaintiff's is detrimental to national security.

27.     Defendants' failure to timely complete a "name check," with the full knowledge that such checks are required to adjudicate naturalization applications, violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706, as well as 8 U.S.C. 1571(b).

28.     Defendants' failure to set deadlines for completing "name checks" and to take all other reasonable steps necessary to complete the adjudication of Plaintiff's naturalization application violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

29.     Defendants' policy and practice of requiring "name checks" without proper statutory and regulatory authority and proper rule-making proceeding violate the APA, including 5 U.S.C. 553.

30.     As a result of Defendants' policies, practices, actions, and omissions, Plaintiff has suffered injury and continues to suffer injury and damages. Declaratory, injunctive, and other relief is therefore warranted.

## SECOND CLAIM FOR RELIEF: FAILURE TO DISCHARGE A MANDATORY MINISTERIAL DUTY

31.     Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

32.    Plaintiff has a clear right to the relief sought, namely, that Plaintiff's application for naturalization would be processed and adjudicated by Defendants within a reasonable time in accordance with the INA and APA, as well as ISIIA.

33.    Defendants have a clear, nondiscretionary, ministerial duty to process and adjudicate Plaintiff's application for naturalization within a reasonable time.

34.    Defendants have failed to discharge their clear ministerial duty.

35.    Defendants' over 3 years' delay on Plaintiff's application is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

36.    Defendants' prolonged delays in processing naturalization applications such as Plaintiff's are detrimental to national security.

37.    Absent a writ of mandamus compelling Defendants to promptly process his naturalization application, Plaintiff has no other adequate remedy, whether at law or in equity, to redress the violation of his rights.

38.    Defendants have a policy, pattern, and practice of failing to adjudicate naturalization applications of certain applicants within a reasonable time because of years-long delays in the processing of "name checks."

39.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

40.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "name checks" with the full knowledge that the completion of such checks is required to adjudicate naturalization applications of persons such as Plaintiff.

41.    Defendants have a policy, pattern, and practice of failing to set deadlines for completing "name checks" and taking all other reasonable steps necessary to complete the adjudication of naturalization applications of persons such as Plaintiff.

42.    Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for naturalization of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

43.    Defendants have a policy, pattern, and practice of failing to schedule naturalization examination interviews and to adjudicate naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

44.    Defendants have unlawfully withheld and unreasonably delayed agency action on Plaintiff's application for naturalization.

45.    Defendants have failed to adjudicate or otherwise act on Plaintiff's application for a period exceeding 180 days.

46.    Defendants have failed to adjudicate or otherwise act on Plaintiff's application within a reasonable time.

47.     Defendants' failure to process and adjudicate Plaintiff's naturalization application for over 3 years constitutes an unreasonable delay and unlawful withholding of agency action, warranting a writ of mandamus.

48.     Defendants' failure to timely complete a "name check," with the full knowledge that such checks are required to adjudicate naturalization applications, violates the APA, is unreasonable and unlawful, and warrants a writ of mandamus.

49.     Defendants' failure to set deadlines for completing "name checks" and to take all other reasonable steps necessary to complete the adjudication of Plaintiff's naturalization application, including the scheduling of a naturalization examination interview, violates the APA and the INA, is otherwise unlawful, and warrants a writ of mandamus.

50.     Defendants' policy and practice of requiring "name checks" without proper statutory and regulatory authority and proper rule-making proceeding violate the APA and warrant a writ of mandamus.

51.     It is therefore appropriate for this Court issue a writ of mandamus compelling Defendants to process Plaintiff's naturalization application within a reasonable period of time, such as 30 days.

## THIRD CLAIM FOR RELIEF: VIOLATION OF DUE PROCESS CLAUSE

52.     Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

53.     Defendants', insofar as relevant herein, acted and failed to act with respect to Plaintiff under color of law.

54.     Defendants have a policy, pattern, and practice of failing to adjudicate naturalization applications of applicants such as Plaintiff within 120 days of the date of naturalization examinations because of years-long delays in the processing of "name checks."

55.     Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

56.     Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "name checks" with the full knowledge that the completion of such checks is required to adjudicate naturalization applications of persons such as Plaintiff.

57.     Defendants have a policy, pattern, and practice of failing to set deadlines for completing "name checks" and taking all other reasonable steps necessary to complete the adjudication of naturalization applications of persons such as Plaintiff.

58.     Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for naturalization of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

59.     Defendants have applied the above policies and practices to unlawfully withhold and unreasonably delay action on Plaintiff's naturalization application.

60.     Defendants have unreasonably delayed and unlawfully withheld agency action on Plaintiff's application for naturalization.

-14-

61.    These actions and omissions by Defendants violate Plaintiff's rights to due process of law.

62.    Defendants' over 3 years' delay on Plaintiff's application violates Plaintiff's rights to due process of law and is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

63.    As a result of Defendants' actions, omissions, policies, and practices, Plaintiff has suffered and is continuing to suffer injury and damages. Declaratory, injunctive, and other relief is therefore warranted.

## PRAYER FOR RELIEF

64.    Based on the foregoing, Plaintiff respectfully requests that this Court:

a.    Assume jurisdiction over this matter.

b.    Order Defendants to immediately schedule Plaintiff's naturalization examination interview and promptly adjudicate the currently pending Plaintiff's application for naturalization within a period not to exceed 30 days after this Court's order.

c.    Enjoin Defendants from using FBI name check in adjudicating Plaintiff's naturalization application unless and until Defendants issue a proposed rule regarding such name checks and provide a notice-and-comment period.

d.     Issue a declaratory judgment declaring unlawful the following

actions and omissions of Defendants: (a) Defendants' failure to

adjudicate Plaintiff's application for naturalization for over 3 years

and within a reasonable time; (b) Defendants' failure to complete

Plaintiff's "name check" for over 18 months and within a reasonable

time; (c) Defendants' failure to set deadlines and take all necessary

steps to adjudicate Plaintiff's naturalization application within a

reasonable time; (d) Defendants' policy, pattern, and practice of

delaying and withholding agency action in naturalization cases,

including failure to schedule naturalization examination interviews,

and applying such to unreasonably and unlawfully delay and

withhold agency action on Plaintiff's application; (e) Defendants'

policy and practice of requiring "name checks" without proper

authority and rule-making proceedings and applying such

requirement to prevent Plaintiff's naturalization application from

adjudication and completion for over 3 years, including Defendants'

failure to issue a proposed regulation and provide a notice-and-

comment period prior to implementing the policy and practice of

requiring completion of FBI "name checks" in adjudicating

naturalization applications.

e.    Award reasonable attorney fees and costs pursuant to, *inter alia*, the

Equal Access to Justice Act (EAJA), 5 U.S.C. 504, 28 U.S.C. 2412.

f.    Grant any and all further relief this Court deems just and proper.

Respectfully submitted,

Gregory Bryl, Esq.
287 S Pickett Street, Suite 201
Alexandria, VA 22304
703-861-1906
703-997-5925 fax
help@bryllaw.com
VA Bar

*Attorney for Plaintiff Dimitrios Kotsanidis*

-17-

**LIST OF EXHIBITS**
*Kotsanidis v. Mukasey et al.*

A.    Copy of Green Card

B.    N-400 filing receipt notice

C.    CIS interview notice

D.    CIS interview de-scheduling notice

# EXHIBIT A

# PERMANENT RESIDENT CARD

NAME KOTSANIDIS, DIMITRIOS



INS A# 079-304-597

Birthdate         Category      Sex
04/14/72          CR6           M

Country of Birth
Georgia

CARD EXPIRES 01/28/04

Resident Since 01/28/02

```
C1USA0793045973EAC0210552734<<
7204140M0401283GEO<<<<<<<<<<<3
KOTSANIDIS<<DIMITRIOS<<<<<<<<<
```

U.S. DEPARTMENT OF JUSTICE Immigration and Naturalization Service

## PERMANENT RESIDENT CARD

The person identified by this card is authorized to work and reside in the U.S.



# EXHIBIT B

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

# THE UNITED STATES OF AMERICA

| Receipt | | | NOTICE DATE<br>November 05, 2004 |
|---|---|---|---|
| CASE TYPE<br>N400    Application For Naturalization | | | INS A#<br>A 079 304 597 |
| APPLICATION NUMBER<br>ESC*001325965 | RECEIVED DATE<br>October 29, 2004 | PRIORITY DATE<br>October 29, 2004 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

DIMITRIOS KOTSANIDIS
802 FLAGLER DRIVE
GAITHERSBURG MD 20878

**PAYMENT INFORMATION:**

| Single Application Fee: | $390.00 |
|---|---|
| Total Amount Received: | $390.00 |
| Total Balance Due: | $0.00 |

The above application has been received by our office and is in process. Our records indicate your personal information is as follows:

Date of Birth:          April 14, 1972
Address Where You Live:  802 FLAGLER DRIVE
                         GAITHERSBURG MD 20878

Please verify your personal information listed above and immediately notify our office at the address or phone number listed below if there are any changes.

You will be notified of the date and place of your interview when you have been scheduled by the local INS office. You should expect to be notified within 180 days of this notice.

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

If you have other questions about possible immigration benefits and services, filing information, or INS forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**.

If you have access to the Internet, you can also visit INS at **www.ins.usdoj.gov**. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

**INS Office Address:**

US IMMIGRATION AND NATURALIZATION SERVICE
75 LOWER WELDEN STREET
ST ALBANS VT 05479-

**INS Customer Service Number:**
(800) 375-5283

APPLICANT COPY

ESC*001298803



Form I-797C (Rev. 08/31/04) N

# EXHIBIT C

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| | |
|---|---|
| Request for Applicant to Appear for Naturalization Initial Interview | **NOTICE DATE**<br>April 28, 2005 |

| CASE TYPE<br>N400 / Application For Naturalization | | INS A#<br>A 079 304 597 |
|---|---|---|
| APPLICATION NUMBER<br>ESC*001325965 | RECEIVED DATE<br>October 29, 2004 | PRIORITY DATE<br>October 29, 2004 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

DIMITRIOS KOTSANIDIS
802 FLAGLER DRIVE
GAITHERSBURG MD 20878

Please come to:

USINS
31 HOPKINS PLAZA
FALLON FEDERAL BUILDING
ROOM 103, EXAMS WAITING ROOM
BALTIMORE MD 21201
On (Date): Tuesday, June 07, 2005
At (Time): 01:40 PM

You are hereby notified to appear for an interview on your Application for Naturalization at the date, time, and place indicated above. Waiting room capacity is limited. Please do not arrive any earlier than 30 minutes before your scheduled appointment time. The proceeding will take about two hours. If for any reason you cannot keep this appointment, return this letter immediately to the INS office address listed below with your explanation and a request for a new appointment; otherwise, no further action will be taken on your application.

If you are applying for citizenship for yourself, you will be tested on your knowledge of the government and history of the United States. You will also be tested on reading, writing, and speaking English, unless on the day you filed your application, you have been living in the United States for a total of at least 20 years as a lawful permanent resident and are over 50 years old, or you have been living in the United States for a total of 15 years as a lawful permanent resident and are over 55 years old, or unless you have a medically determinable disability (you must have filed form N648 Medical Certification for Disability Exception, with your N400 Application for Naturalization).

**You MUST BRING the following with you to the interview:**
- This letter.
- Your Alien Registration Card (green card).
- Any evidence of Selective Service Registration.
- Your passport and/or any other documents you used in connection with any entries into the United States.
- Those items noted below which are applicable to you:

If applying for NATURALIZATION AS THE SPOUSE of a United States Citizen;
- Your marriage certificate.
- Proof of death or divorce for each prior marriage of yourself or spouse.
- Your spouse's birth or naturalization certificate or certificate of citizenship.

If applying for NATURALIZATION as a member of the United States Armed Forces;
- Your discharge certificate, or form DD 214.

If copies of a document were submitted as evidence with your N400 application, the originals of those documents should be brought to the interview.

**PLEASE keep this appointment, even if you do not have all the items indicated above.**

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

**INS Office Address:**
US IMMIGRATION AND NATURALIZATION SERVICE
FALLON FEDERAL BUILDING
31 HOPKINS PLAZA
BALTIMORE MD 21201-

**INS Customer Service Number:**
(800) 375-5283

APPLICANT COPY



# EXHIBIT D

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| Interview Descheduled by INS | | | NOTICE DATE<br>May 17, 2005 |
|---|---|---|---|
| CASE TYPE<br>N400    Application For Naturalization | | | INS A#<br>A 079 304 597 |
| APPLICATION NUMBER<br>ESC*001325965 | RECEIVED DATE<br>October 29, 2004 | PRIORITY DATE<br>October 29, 2004 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
DIMITRIOS KOTSANIDIS
802 FLAGLER DRIVE
GAITHERSBURG MD  20878

This is to advise you that, due to unforeseen circumstances, we have had to cancel the previously scheduled interview on Tuesday, June 07, 2005          at  01:40 PM    for the above applicant.  We regret any inconvenience this may cause.

We will advise you of any further action taken on this case, including any rescheduled interview information, under separate notice.

---

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

**INS Office Address:**
US IMMIGRATION AND NATURALIZATION SERVICE
FALLON FEDERAL BUILDING
31 HOPKINS PLAZA
BALTIMORE MD 21201-

**INS Customer Service Number:**
(800) 375-5283



Form I-797C (Rev. 08/31/04) N

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Dimitrios Kotsanidis

88858

**DEFENDANTS**

Michael B. Mukasey, Michael Chertoff, Emilio Gonzalez, Richard Caterisano, Robert Mueller III

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Montgomery

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gregory N. Bryl, Esq.
287 S Pickett Street, Suite 201
Alexandria, VA 22304
703-861-1906

Case: 1:08-cv-01025
Assigned To : Walton, Reggie B.
Assign. Date : 6/16/2008
Description: Admn. Agency Review

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 551, 553, 706 (APA), 28 USC 1361 (mandamus), 28 USC 2201 (declaratory judgment), 8 U.S.C. 1571 (Immigration Services Act), U.S Const.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ as set by trier of fact    Check YES only if demanded in complaint    JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 06/12/2008    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**

Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.